Argued and submitted September 19, 2016, affirmed July 6, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JON SHERMAN JONES,
*Defendant-Appellant.*

Linn County Circuit Court
13CR00084; A158089

401 P3d 271

Erin J. Snyder Severe, Deputy Public Defender, argued the cause for appellant. With her on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Egan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

**LAGESEN, J.**

Defendant appeals a judgment of conviction for one count of driving under the influence of intoxicants, ORS 813.010, and one count of driving while suspended or revoked, ORS 811.182. He assigns error to the trial court's denial of his motion to suppress evidence acquired during the course of the traffic stop. Defendant contends that the officer who stopped him did so based on a mistaken interpretation of ORS 811.505. That statute requires a driver "emerging from an alley, building, private road or driveway in a business or residence district" to stop "before driving onto the sidewalk or sidewalk area." Defendant, who was observed emerging from a parking lot without stopping before driving onto the sidewalk, contends that the statute does not apply to motorists exiting from parking lots, and that the officer therefore lacked probable cause to stop him for purposes of Article I, section 9, of the Oregon Constitution. *See State v. Stookey*, 255 Or App 489, 491, 297 P3d 548 (2013) (where facts perceived by officer do not constitute an offense, officer lacks probable cause to conduct a stop under Article I, section 9); *State v. Tiffin*, 202 Or App 199, 203-04, 121 P3d 9 (2005) ("[A]n officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction."). We conclude otherwise and affirm.

We review the denial of a motion to suppress for legal error, accepting the facts as found by the trial court, so long as there is constitutionally sufficient evidence in the record to support the findings. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993); *State v. Davis*, 282 Or App 660, 666, 385 P3d 1253 (2016). To the extent that the trial court did not make findings on a particular issue, and there is evidence from which the facts could be found more than one way, we presume that the trial court found the facts consistently with its ultimate determination. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). We state the facts—which are few—in accordance with that standard.

Officer Ledford of the Albany police observed defendant drive out of the vehicle exit of the Dari Mart parking lot without stopping before driving onto the sidewalk. Instead of stopping before driving onto the sidewalk, defendant stopped

in the middle of it. As illustrated by the photographs that the state submitted in opposition to defendant's motion to suppress, one of which we have reproduced in an appendix to this opinion, the Dari Mart parking lot wraps around the Dari Mart store. A portion of the parking lot adjacent to the store is demarcated by lines signaling parking spaces, indicating that that part of the parking lot is for parking. The rest of the parking lot—that is, the part containing no demarcated parking spaces—consists of unmarked blacktop, indicating that that portion of the parking lot is for driving between the parking spaces and the parking lot's entrance-and-exit. The entrance-and-exit is designated by a gap in a concrete curb along the perimeter of the parking lot. Visually, the set-up suggests to motorists wishing to shop at the Dari Mart that they should enter the demarcated entrance-and-exit, drive along the unmarked portion of the pavement to a parking place, park, exit their vehicles, and go into the store. A driver wishing to leave the Dari Mart presumably would invert that sequence, departing the store by pulling out of a marked parking space, driving along the unmarked portion of pavement meant for driving to the entrance-and-exit, and then pulling onto the street. And that is exactly what Ledford observed defendant do. Defendant drove out of the parking lot through the demarcated entrance-and-exit from the portion of the parking lot apparently intended for driving, rather than parking. Believing defendant to be in violation of ORS 811.505 for not stopping before he drove onto the sidewalk, Ledford pulled defendant over.

The issue on appeal is whether defendant's conduct in driving out of the parking lot, as observed by Ledford, constituted a violation of ORS 811.505. If not, then Ledford lacked probable cause to stop defendant and defendant's motion to suppress should have been granted. *Stookey*, 255 Or App at 496 (where conduct perceived by officer did not constitute a violation of law, officer lacked probable cause to stop the defendant).[1] ORS 811.505 states:

---

[1] The state challenges our prior holdings (1) that an officer must have probable cause to initiate a traffic stop; and (2) that the facts perceived by the officer must, in fact, constitute a violation of the law. On the latter point, the state argues that we should abandon our rule of law in favor of the Fourth Amendment rule adopted by the U.S. Supreme Court in *Heien v. North Carolina*, 574 US ___, 135 S Ct 530, 190 L Ed 2d 475 (2014) (holding that, under Fourth Amendment,

"(1)   A person commits the offense of failure to stop when emerging from an alley, driveway or building if the person is operating a vehicle that is emerging from an alley, building, private road or driveway in a business or residence district and the person does not stop the vehicle as follows:

"(a)   If there is a sidewalk or sidewalk area, the person must stop the vehicle before driving onto the sidewalk or sidewalk area.

"(b)   If there is no sidewalk or sidewalk area, the person must stop at the point nearest the roadway to be entered where the driver has a view of approaching traffic.

"(2)   The offense described in this section, failure to stop when emerging from an alley, driveway or building, is a Class B traffic violation."

The parties agree that the issue is whether defendant was emerging from a "driveway" at the time he drove out of the Dari Mart parking lot. Thus, that is the issue we consider. On that point, the parties debate extensively whether a parking lot is a "driveway" for purposes of ORS 811.505. But we think the question is much narrower and less abstract: whether that portion of the parking lot from which Ledford observed defendant emerge is, itself, a driveway for purposes of ORS 811.505. That is because we must evaluate the particular conduct that Ledford perceived in order to assess whether that particular perceived conduct violated ORS 811.505.

ORS 811.505 does not define "driveway,"[2] so we look to the ordinary meaning of the term. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The common meaning

---

reasonable suspicion for a traffic stop can rest on a reasonable mistake of law). We decline the state's invitation to revisit our prior holdings.

   [2] The vehicle code used to contain a definition of "private road or driveway": "'Private road or driveway' means every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from him, but not used by other persons." *Former* ORS 483.018(4) (1975). The legislature repealed that definition in 1983, ostensibly to simplify the vehicle code without making any substantive changes: "The intent of the assembly is to make the law relating to vehicles easier to use *** by simplifying the language *** [and] eliminating some confusing use of terminology *** all in accordance with existing interpretation and use of the vehicle code." Or Laws 1983, ch 338, § 3. Although that definition undisputedly would encompass the area of the parking lot from which Ledford observed defendant emerge, because the legislature did remove that definition we examine the ordinary dictionary definition

of the term, according to the most pertinent definition in *Webster's*, is "a private road giving access from a public thoroughfare to a building or buildings on abutting grounds." *Webster's Third New Int'l Dictionary* 692 (unabridged ed 2002). But we need not stop with *Webster's*; in support of his argument that a parking lot cannot be a driveway, defendant has supplied us with a number of other definitions of "driveway" to aid in our assessment of whether the conduct that Ledford observed violated ORS 811.505. According to *The Random House Dictionary of the English Language* 436 (unabridged ed 1967), a driveway is a "a road, esp. a private one, leading from a street or other thoroughfare to a building, house, garage, etc. *** [or] any road for driving on." (Boldface omitted.) According to IV *The Oxford English Dictionary* 1062 (2d ed 1989), a driveway is a "way along which something is driven *** a private carriageway for a motor vehicle alongside, in front of, or leading to a house, garage, or other building; a drive." According to *Merriam-Webster's Collegiate Dictionary* 354 (10th ed 1994), a driveway is "a private road giving access from a public way to a building on abutting grounds." *The American Heritage Dictionary of the English Language* 548 (5th ed 2011) similarly defines driveway as a "private road that connects a house, garage, or other building with the street."

Each of those definitions fairly encompasses the portion of the parking lot from which Ledford observed defendant emerge without stopping. What all the definitions have in common is the idea that a "driveway" is a private way of access that allows drivers to reach a private place from a public road. That portion of the parking lot from which defendant emerged serves exactly that purpose: to give motorists driving their cars access to the Dari Mart (and its parking spaces) from the street. As such, it constitutes a "driveway" under the ordinary meaning of the word. Thus, the facts, as Ledford perceived them, constituted a violation of ORS 811.505, and the trial court properly denied defendant's motion to suppress.

Affirmed.

---

of driveway, even though there is no indication that the legislature intended to change the operation of the vehicle code by removing that definition.