DEHOOG, P.J.
*780 Defendant appeals a judgment of conviction for driving while suspended or revoked, ORS 811.182(4).[1] He assigns error to *386 the trial court's denial of his motion to suppress evidence discovered after an officer pulled him over for failing to display a front license plate on his pickup truck, which the officer considered a violation of ORS 803.540. Defendant argues that the officer lacked probable cause to justify a traffic stop because, he contends, the failure to display a front license plate does not violate that statute or any other law. We conclude that ORS 803.540 required defendant to display a front license plate on his pickup truck and, accordingly, affirm.
The facts are few and undisputed. An officer observed defendant driving a pickup truck that displayed an Oregon license plate to the rear but that did not have a front license plate. The officer pulled defendant over, believing that defendant's failure to display a front license plate violated ORS 803.540.[2] During the traffic stop, the officer discovered that defendant's driving privileges were suspended, and the state subsequently charged defendant with misdemeanor driving while suspended or revoked, ORS 811.182(4). Defendant moved to suppress the evidence obtained during the traffic stop, arguing that the officer lacked probable cause to stop him because, he contended, ORS 803.540 does not require vehicles to display front license plates. The trial court denied defendant's motion, after which he entered a conditional guilty plea and appealed, assigning error to the denial of his motion to suppress.
Under Article I, section 9, of the Oregon Constitution, a police officer may not initiate a stop to investigate a suspected traffic violation unless the officer has probable cause to believe that a violation has occurred. State v. Husk , 288 Or. App. 737, 739, 407 P.3d 932 (2017), rev. den. , *781 362 Or. 665, 415 P.3d 583 (2018). Probable cause includes both a subjective and objective component: The officer must subjectively believe that a traffic violation has occurred, and that belief must be objectively reasonable. Id. " '[A]n officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction.' " State v. Jones , 286 Or. App. 562, 564, 401 P.3d 271 (2017) (quoting State v. Tiffin , 202 Or. App. 199, 203-04, 121 P.3d 9 (2005) ).[3]
Defendant's appeal implicates only the objective component of probable cause. Thus, we must determine whether the trial court erred in concluding that defendant's failure to display a front license plate "actually satisf[ied] the elements of a traffic infraction." Id. We review that legal conclusion for errors of law. Husk , 288 Or. App. at 739, 407 P.3d 932.
Here, the officer believed that defendant had violated ORS 803.540, which provides, in part:
"(1) A person commits the offense of failure to display registration plates if the person operates, on the highways of this state, any vehicle or camper that has been assigned registration plates by this state and the registration plates assigned to the vehicle or camper are displayed in a manner that violates any of the following:
"(a) The plate must be displayed on the rear of the vehicle, if only one plate is required.
"(b) Plates must be displayed on the front and rear of the vehicle if two plates are required.
"(c) The plates must be in plain view and so as to be read easily by the public.
"* * * * *
"(3) The offense described in this section, failure to display registration plates, is a Class D traffic violation."
Defendant argues that failing to display a license plate on the front of a vehicle does *387 not violate ORS 803.540 (1)(b), because that statute requires a driver to display both *782 front and rear plates only "if two plates are required." And, in defendant's view, neither ORS 803.540(1)(b) nor any other statute "require[s]" two plates. Thus, defendant concludes, even though the statute would require him to display a front license plate if some source of law required drivers to display two plates, that condition is not met here. The state disagrees. It points to the text surrounding ORS 803.540 and argues that, when read together with ORS 803.540, those provisions require a person to display the number of plates issued to a vehicle. The state emphasizes ORS 803.525, which provides, in part:
"The Department of Transportation shall issue two registration plates for every vehicle that is registered by the department except as otherwise provided in this section. *** The following shall be issued plates as described:
"(1) Only one registration plate shall be issued for a moped, motorcycle, trailer, antique vehicle or vehicle of special interest registered by the department.
"(2) Only one plate shall be issued for a camper that is registered. Stickers may be issued in lieu of a plate."
The state reasons that, by directing the Department of Transportation to issue two plates for most vehicles, including defendant's pickup truck, ORS 803.525"require[s]" two plates, and defendant must therefore display both plates under ORS 803.540(1)(b).
The parties' dispute requires us to construe ORS 803.540(1)(b). In resolving that dispute, we seek to discern the legislature's intended meaning by examining the statute's text, context, and any pertinent legislative history. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). Starting with the text of the statute, the term "require[ ]," especially when, as here, it appears in a legal context, suggests an affirmative, externally imposed obligation: "to demand as necessary or essential (as * * * in order to comply with or satisfy some regulation) : * * * enjoin, command, or authoritatively insist (that someone do something)." Webster's Third New Int'l Dictionary 1929 (unabridged ed. 2002); see Jenkins v. Board of Parole , 356 Or. 186, 194, 335 P.3d 828 (2014) (dictionary definitions "can be useful" in determining plain meaning of text). That definition of "require" supports defendant's contention *783 that one cannot violate ORS 803.540(1)(b) unless some source of law imposes a specific obligation to display two plates.
But, as we understand the state's argument, it does not dispute that, for ORS 803.540(1)(b) to apply, there must be an affirmative requirement that drivers display two plates; the state finds that requirement, however, in ORS 803.525 and in other related statutes. As set out above, ORS 803.525 establishes a general rule requiring that the Department of Transportation "issue two registration plates for every vehicle that is registered by the department." In turn, ORS 803.530 requires that "[r]egistration plates assigned to a vehicle *** remain with the vehicle to which the plates are assigned."[4] Finally, ORS 803.540(1)(c) requires that "registration plates assigned to [a] vehicle" be displayed "in plain view and so as to be read easily by the public." Read together, those provisions (1) required the Department of Transportation to issue two plates for defendant's pickup truck; (2) required that the plates assigned to defendant's truck remain with his truck; and (3) required defendant to display both assigned plates. It follows, the state reasons, that the requirement that a particular vehicle be issued two plates under ORS 803.525 establishes a requirement that the vehicle's driver display two plates under ORS 803.540 (1)(b) -that is, the legislature necessarily intended for ORS 803.525 to control whether "two plates are required" under ORS 803.540(1)(b). We agree with the state.
In attributing that intent to the legislature, we are persuaded that it reflects the most logical reading of the plain text of the statutes at issue in their respective contexts.[5] We *388 find additional support for that reading in ORS 174.010.[6] That is, if we can do so without "insert[ing] what *784 has been omitted, or [omitting] what has been inserted," ORS 174.010 requires us to construe ORS 803.540 so as to give effect to all of its provisions. See ORS 174.010 ("[W]here there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."). And, because ORS 803.540 does not itself state when "two plates are required," it necessarily contemplates an outside source of that obligation. Without relying on ORS 803.525, there would be no circumstance in which ORS 803.540 (1)(b) could have any meaning, since two plates would never be "required." By construing ORS 803.540(1)(b) to rely on ORS 803.525 as that source, we give effect to ORS 803.540(1)(b) that would otherwise be lacking, and we do so without either inserting any omitted provisions or ignoring any existing provision. For that additional reason, we agree with the state's interpretation of ORS 803.540(1)(b).
It follows from the above that, when the Department of Transportation has issued two plates for a vehicle, "two plates are required" for purposes of ORS 803.540 (1)(b). Accordingly, the facts as perceived by the officer-defendant's operation of a pickup truck without a front license plate-satisfied the elements of a traffic infraction. His subjective belief was therefore objectively reasonable, because "the facts as the officer perceived them actually satisf[ied] the elements of a traffic infraction." Jones , 286 Or. App. at 564, 401 P.3d 271. Accordingly, the trial court did not err in denying defendant's motion to suppress.
Affirmed.

ORS 811.182 has been amended since the events in this case, as has ORS 803.530, cited below. Because those amendments do not affect our analysis, we refer to the current version of the statutes.

ORS 803.540(1)(b) requires that registration plates "be displayed on the front and rear of the vehicle if two plates are required." We set forth ORS 803.540 in greater detail below.

Defendant also invokes the Fourth Amendment to the United States Constitution but does not develop any separate argument under that provision. Accordingly, we do not consider it further.

Defendant does not contend that any exceptions to the general rules under ORS 803.525 or ORS 803.530 applied to his vehicle.

We have reviewed the legislative history of ORS 803.540 but have found none that is helpful on this issue.

ORS 174.010 provides:
"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."