Argued and submitted January 7, 2019, reversed and remanded May 20, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KATHRYN JANE EDWARDS,
aka Katheryn Jane Edwards,
*Defendant-Appellant.*

Washington County Circuit Court
16CR64992, D154238M;
A164601 (Control), A164602

466 P3d 1034

Pursuant to a stipulated facts trial, defendant was convicted of one count of possession of methamphetamine, ORS 475.894. Deputies found the methamphetamine in the backpack that defendant was wearing at the time of her arrest on an outstanding warrant after they removed it from her and searched it without a warrant. On appeal, defendant assigns error to the trial court's denial of her motion to suppress the evidence in the backpack. She contends that the court erred when it determined that the deputies lawfully seized the backpack before searching it and that that error was not harmless. *Held*: The trial court erred in denying defendant's motion to suppress, because the state failed to show that a recognized warrant exception allowed for the warrantless seizure of the backpack under the circumstances present here. On this record, that error was not harmless.

Reversed and remanded.

Rick Knapp, Senior Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Pursuant to a stipulated facts trial, defendant was convicted of one count of possession of methamphetamine, ORS 475.894. Deputies found the methamphetamine in the backpack that defendant was wearing at the time of her arrest on an outstanding warrant after they removed it from her and searched it without a warrant. On appeal, defendant assigns error to the trial court's denial of her motion to suppress. She contends that the court erred when it determined that the deputies lawfully seized the backpack before searching it and that that error was not harmless. We agree and reverse and remand.

We review the trial court's denial of defendant's motion to suppress "for legal error, accepting the facts as found by the trial court, so long as there is constitutionally sufficient evidence in the record to support the findings." *State v. Jones*, 286 Or App 562, 564, 401 P3d 271 (2017). In accordance with that standard, we take the facts from the trial court's findings, which are supported by the evidence and which neither party contests.

Defendant had a warrant out for her arrest for failure to appear when Deputy Merklin spotted her riding her bicycle, pulling a bike trailer. Defendant was wearing a backpack at the time. Merklin stopped her and arrested her on the warrant. Sergeant Bowman arrived, followed by Deputy Vargas, and, at some point, the backpack was removed from defendant and she was placed in handcuffs. Defendant told officers that she was carrying the backpack for a friend. Once the backpack was removed from defendant, Bowman placed it on the hood of his patrol car and searched it. He did so pursuant to the Washington County inventory policy, which requires the inventory of the belongings of a person who is in custody and being transported to jail. The search uncovered a coin purse containing a glass pipe with residue (later determined to be methamphetamine). Defendant was not offered the opportunity to leave the backpack with her bike and trailer, which officers left off to the side of the road in the bushes with defendant's agreement. Defendant did not ask to leave the backpack at the scene, and a decision was "made that the backpack was going into the jail."

Before trial, defendant moved to suppress the evidence discovered in the search of the backpack. She contended that officers seized the backpack without a warrant before they conducted the search, and that no identifiable exception to the warrant requirement authorized the seizure. In response, the state did not dispute that it seized the backpack. It also did not clearly identify an applicable exception to the warrant requirement. Instead, it argued generally that it is permissible for arresting officers to seize the property of an arrestee, at least where there is no third party on the scene to which defendant could transfer the property. The trial court agreed with the state and denied the motion, ruling that the police had the "lawful authority to possess that bag for purposes of taking it and with her to the jail." Following the court's ruling, defendant agreed to a stipulated facts trial, at which the court found her guilty as charged of unlawfully possessing methamphetamine.

Defendant appealed, assigning error to the denial of her motion to suppress. She argues, as she did below, that officers unlawfully seized her backpack without a warrant before the search and that that unlawful seizure requires suppression of the evidence discovered in the subsequent search of the backpack. Defendant does not identify when, precisely, the seizure of the backpack occurred.

In response, the state does not dispute that officers seized the backpack. As for timing, the state argues that the seizure of defendant's backpack occurred at the time that she was lawfully arrested and, further, that it is lawful for officers to seize all property on an arrestee's person at the time of arrest. For that reason, the state asserts, the backpack was lawfully in the officers' possession at the time it was searched pursuant to the inventory policy. Consistent with our case law on inventory searches, neither party argues that the inventory exception to the warrant requirement allowed officers to *seize* the backpack in addition to *searching* it; both acknowledge that the state was required to establish that any seizure was supported by an independent constitutional justification. *See State v. Stinstrom*, 261 Or App 186, 190-91, 322 P3d 1076 (2014) (explaining that, for

purposes of Article I, section 9, of the Oregon Constitution, the inventory exception can authorize a warrantless *search* but not a warrantless *seizure*).

Before addressing the parties' competing arguments, we revisit some first principles of search and seizure because those principles, ultimately, are what this case turns on.

At issue is the constitutionality under Article I, section 9, of the warrantless seizure of defendant's backpack. For purposes of that provision, a "seizure" of property "occurs when an officer significantly interferes with a person's possessory or ownership interest in property." *State v. Fulmer*, 366 Or 224, 229, 460 P3d 486 (2020). A "seizure conducted without a warrant is *per se* unreasonable, unless that * * * seizure falls within one of the specifically established and well delineated exceptions to the warrant requirement." *Id*. at 230 (internal quotation marks omitted).

As a procedural matter, in the context of a motion to suppress, the state, not a defendant, bears the burden of demonstrating that a warrantless seizure or search falls within one of the "specifically established and well delineated exceptions to the warrant requirement." *Id*. If the state does not make that showing, then—subject to some exceptions not pertinent here—the defendant is entitled to suppression of any evidence obtained through or following the unconstitutional seizure or search. *Id*.

Applying those principles to the facts before us, we agree with the parties that a seizure occurred. We disagree, though, with the state's premise that an arrest, in and of itself, necessarily effects a seizure of the arrestee's property, such that the lawful arrest of defendant as a matter of law resulted in a lawful seizure of the property on her person. That is because the process of an arrest does not, in and of itself and of its own force, necessarily result in a significant interference with the arrestee's property interests in the property on the arrestee's person. If the officers never removed defendant's backpack from her person and took no other steps to interfere with defendant's possession and control of the backpack, it would be difficult to say

that a seizure occurred for purposes of Article I, section 9. Here, though, officers removed defendant's backpack from her possession. That constituted a significant interference with her possessory interest in the backpack and, therefore, was a seizure of the backpack for purposes of Article I, section 9.

Because that seizure occurred without a warrant, the state had the burden of showing that the seizure fell within one of the established, delineated exceptions to the warrant requirement. But the state did not clearly identify an established exception to the warrant requirement authorizing the warrantless seizure of defendant's backpack or show that the seizure of the backpack was authorized by such an exception. Instead, the state's main theory below seemed to be that defendant's lawful arrest by its own force both resulted in and authorized the seizure of all of the property on defendant's person—at least where, as here, there was no third party on the scene to which defendant could give that property. The problem with that argument is that the Supreme Court long ago rejected the contention that a lawful arrest allows for the lawful seizure of the arrestee's personal property.

In *State v. Lowry*, 295 Or 337, 667 P2d 996 (1983), *abrogated in part by State v. Owens*, 302 Or 196, 729 P2d 524 (1986), the Supreme Court held unconstitutional the warrantless seizure of a pill bottle taken from the defendant's person during the course of an arrest "for a crime with which the bottle had nothing to do." 295 Or at 347. The court explained that "the mere arrest and custody, divorced from the reasons for the arrest, do not subject a person and his belongings to unlimited inquisitorial powers that would not apply if he were not arrested." *Id*. at 348. Rather, the fact of arrest authorizes the seizure of narrow categories of personal effects, including effects that related to the probable cause for the arrest, and unrelated effects "if their nature as contraband is evident on sight." *Id*. Said another way, a lawful arrest does not, in and of itself, allow for an "exploratory seizure" of the effects on the person of an arrestee. *Owens*, 302 Or at 204 (internal quotation marks omitted). Thus, the state is incorrect that the fact of a lawful arrest, of its own

accord, allows for the constitutional seizure of all personal property on the arrestee's person.[1]

Apart from its theory that defendant's lawful arrest, standing alone, allowed for the seizure of defendant's backpack, the state has not identified or otherwise shown that a recognized warrant exception allowed for the warrantless seizure of the backpack under the circumstances present here. That does not mean that no such exception exists— just that the state has not clearly identified an applicable exception and proved that the seizure of the backpack fell within it, as it was required to do to withstand defendant's motion to suppress. *Fulmer*, 366 Or at 230. The trial court for that reason erred when it denied defendant's motion to suppress. And, on this record, that error was not harmless.

Reversed and remanded.

---

[1] The state acknowledges in its brief that, in the trial court, it disavowed any reliance on the theory that the seizure was permissible under the search-incident-to-arrest exception to the warrant requirement, and, consistent with its position below, does not otherwise argue that the seizure of the backpack is the type of lawful seizure-incident-to-arrest contemplated in *Lowry*.