# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 34

State of North Dakota,

Plaintiff and Appellee

v.

Cori Jean Willard,

Defendant and Appellant

## No. 20210203

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

# State v. Willard
## No. 20210203

**Crothers, Justice.**

[¶1]   Cori Jean Willard appeals from a criminal judgment entered after she conditionally pleaded guilty to five drug-related offenses. She argues the district court erred in denying her motion to suppress because the arresting officer had no legal basis to stop her and the officer's mistake of law was not objectively reasonable. We affirm.

I

[¶2]   In July 2020, a Bismarck Police officer pulled over a vehicle driven by Willard for failing to stop prior to entering the sidewalk and onto the roadway. At the time, Willard was exiting the parking lot of a gas station.

[¶3]   The officer smelled the odor of marijuana after he approached the vehicle and began speaking to Willard and her passenger. A search of the vehicle revealed methamphetamine, oxycodone pills, a scale, multiple cell phones, and thousands of dollars. Willard was charged with five drug-related offenses.

[¶4]   Willard moved to suppress the evidence seized during the stop, arguing the officer lacked reasonable and articulable suspicion for the stop. At the suppression hearing, the officer testified his sole basis for stopping Willard was a belief she violated N.D.C.C. § 39-10-45. That statute requires a driver emerging from an "alley, driveway, private road, or building within a business or residence district" to stop prior to driving onto a sidewalk. N.D.C.C. § 39-10-45. The district court denied Willard's motion, finding Willard's exit from the gas station parking lot onto the roadway was an exit from a "driveway" under the statute. The court also found the officer's actions were objectively reasonable, even if he relied on a misinterpretation of the statute.

[¶5]   Willard conditionally pleaded guilty to the charges and preserved her right to appeal. The district court approved the conditional plea and entered judgment accordingly.

## II

[¶6]   Willard argues the district court erred in denying her motion to suppress for an alleged violation of her rights under the Fourth Amendment to the United States Constitution.

[¶7]   The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. Amend. IV. Because automobile stops constitute seizures, "officers must have at least a reasonable suspicion that the motorist has violated the law[.]" *State v. Hirschkorn*, 2016 ND 117, ¶ 13, 881 N.W.2d 244. "Reasonable suspicion exists when a reasonable person in the officer's position would be justified by some objective manifestation to suspect potential criminal activity." *Id*. Traffic violations, even if common or minor, provide officers with the suspicion necessary to justify a traffic stop. *Id*. Additionally, an officer's objectively reasonable mistake of law or fact may be the officer's basis of reasonable suspicion. *Id*. at ¶ 14.

[¶8]   This Court will affirm a district court's decision regarding a motion to suppress if there is "sufficient competent evidence fairly capable of supporting the district court's findings, and the decision is not contrary to the manifest weight of the evidence." *City of Lincoln v. Schuler*, 2021 ND 123, ¶ 6, 962 N.W.2d 413.

## III

[¶9]   Willard argues the word "driveway" in N.D.C.C. § 39-10-45 does not encompass a "parking lot."

[¶10] Statutory interpretation is a question of law fully reviewable on appeal. *Schuler*, 2021 ND 123, ¶ 7.

> "Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning. When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. . . . We presume the legislature did not intend an absurd or ludicrous result or unjust consequences, and we

2

construe statutes in a practical manner, giving consideration to the context of the statutes and the purpose for which they were enacted."

*Id.*

[¶11] Section 39-10-45, N.D.C.C., provides:

> "The driver of a vehicle emerging from an alley, driveway, private road, or building within a business or residence district shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across such alley, building entrance, road, or driveway, or in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic thereon."

[¶12] Willard argues her exit from a gas station parking lot did not constitute an exit from a "driveway" under the statute. Her argument focuses broadly on whether an entire parking lot is a "driveway." However, the question is narrower—whether the portion of the parking lot from which Willard emerged constitutes a "driveway."

[¶13] Chapter 39-10, N.D.C.C., does not define the term "driveway." Therefore, we look to the ordinary meaning of the term. *Schuler*, 2021 ND 123, ¶ 7. Willard points to the dictionary's definition of "driveway" which is "a private road giving access from a public way to a building on abutting grounds." *Merriam-Webster's Collegiate Dictionary* 382 (11th ed. 2005). The ordinary meaning of "driveway" has remained consistent since the term first appeared in section 39-10-45 in 1955. *See Webster's New International Dictionary* 788 (2d ed. 1954) ("A passageway for vehicles to the front or rear of a building.") Another definition for "driveway" is "a road, especially a private one, leading from a street or other thoroughfare to a building, house, garage, etc." *Driveway,* Dictionary.com, https://www.dictionary.com/browse/driveway (last visited Jan. 20, 2022). The Oregon Court of Appeals, in a case decided under similar law, provided a series of definitions for "driveway." *State v. Jones*, 401 P.3d 271, 274 (Or. Ct. App. 2017). The court concluded all the definitions shared the common

idea that a "driveway" is "a private way of access that allows drivers to reach a private place from a public road." *Id.* We agree.

[¶14] Here, the officer observed Willard's vehicle failed to stop in the portion of the parking lot that allows motorists to enter and exit the gas station parking lot from the main road. Thus, that portion of the parking lot is a "driveway" and Willard's failure to stop constituted a violation of N.D.C.C. § 39-10-45.

[¶15] Willard's traffic violation provided the officer with reasonable suspicion necessary to justify the stop. Therefore, the district court did not err in denying Willard's motion to suppress.

IV

[¶16] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The district court's criminal judgment is affirmed.

[¶17] Jon J. Jensen, C.J.
 Gerald W. VandeWalle
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte