Argued and submitted October 21, reversed and remanded December 14, 2022,
petition for review allowed May 4, 2023 (371 Or 60)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON THOMAS WILCOX,
*Defendant-Appellant.*

Washington County Circuit Court
19CR75468; A175891

522 P3d 926

Defendant appeals a judgment of conviction for two counts of felon in possession of a restricted weapon. ORS 166.270(2). He assigns error to the trial court's denial of his motion to suppress evidence obtained during an inventory of a backpack that he was wearing when taken into custody on a civil detox hold. *See* ORS 430.399. Among other things, he contends that the warrantless seizure of his backpack was unlawful under Article I, section 9, of the Oregon Constitution. *Held*: The state did not identify an applicable exception to the warrant requirement. Because it was the state's burden to do so, the trial court erred when it denied defendant's motion to suppress.

Reversed and remanded.

Andrew Erwin, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Hellman, Judge, and Landau, Senior Judge.

LANDAU, S. J.

Reversed and remanded.

**LANDAU, S. J.**

Defendant appeals a judgment of conviction for two counts of felon in possession of a restricted weapon. ORS 166.270(2). He assigns error to the trial court's denial of his motion to suppress evidence obtained during an inventory of a backpack that he was wearing when taken into custody on a civil detox hold. *See* ORS 430.399. Among other things, he contends that the seizure of his backpack was unlawful. That argument is determinative, so we do not reach his other arguments. For the reasons that follow, we reverse and remand.

We review the trial court's denial of defendant's motion to suppress for legal error, accepting the facts as found by the trial court so long as there is constitutionally sufficient evidence in the record to support the findings. *State v. Jones*, 286 Or App 562, 564, 401 P3d 271 (2017).

The relevant facts are not in dispute. Defendant went to a police station to report being assaulted at a nearby transit station. Officer Baisley and his partner, Deputy Quick, responded. When they arrived to take defendant's statement, defendant had been loaded into an ambulance and was ready for transport to a hospital. The officers followed him to the hospital and waited until he was available to discuss the alleged assault. While waiting to enter the exam room, they could hear defendant yelling at the nurses. As Baisley later recalled, defendant was "[d]isgruntled, argumentative." When Baisley and Quick were able to enter the exam room, the officers got the sense that defendant was intoxicated. Defendant made it clear that he did not want to talk to them about the alleged assault, so they turned to leave. As they were crossing the parking lot to their vehicle, hospital security stopped the officers to ask for help. Security told the officers that defendant was refusing medical treatment and they were going to discharge him. The officers returned to the exam room, placed defendant in handcuffs, and advised him that he was being taken into custody for transport to a detox facility. Baisley and Quick walked defendant out to the patrol car. Defendant had a backpack with him. Quick conducted a search of defendant's person and then placed him in the patrol car.

Meanwhile, Baisley conducted an inventory of defendant's backpack.

During the inventory search, Baisley found a butterfly knife. Because butterfly knives are restricted weapons, the officer did a criminal history check on defendant and found that he had previously been convicted of a felony. Quick then arrested defendant for the crime of felon in possession of a restricted weapon, and the officers transported him to the jail rather than the detox facility. Baisley conducted an additional inventory search of the backpack at the jail and found a second butterfly knife.

Defendant was charged with two counts of felon in possession of a restricted weapon, ORS 166.270(2). At trial, he moved to suppress the evidence of the knives on three grounds. First, he argued that, when Quick placed him in handcuffs, that act converted the detention into an unlawful arrest without probable cause. Second, defendant argued that the warrantless seizure of his backpack violated his rights against unreasonable search and seizure under Article I, section 9, of the Oregon Constitution. Third, he argued that the inventory search of defendant's backpack also violated his rights under Article I, section 9. The trial court denied the motion to suppress. Defendant waived a jury, and the trial court found him guilty on both counts.

On appeal, defendant contends that the trial court erred in denying his motion to suppress. In support, he advances substantially the same three arguments he asserted below. As we have noted, his second argument—that the warrantless seizure of his backpack violated his rights under Article I, section 9—is determinative. According to defendant, this case is squarely controlled by our decision in *State v. Edwards*, 304 Or App 293, 294, 466 P3d 1034 (2020), which he reads as holding that, even if the seizure of a person is otherwise authorized, the warrantless seizure of that person's property must be separately justified by an exception to the warrant requirement. In this case, defendant argues, the state has failed to supply such an applicable exception.

In response, the state advances two arguments. First, the state argues that "temporarily removing" defendant's backpack amounted to no more than a "*di minimis*" interference with his possessory or ownership interest in the property. As a result, the state asserts, there was no seizure that requires any separate justification. Second, the state argues that *Edwards* is distinguishable. In the state's view, *Edwards* involved a police seizure of personal property occurring "separately from the defendant's arrest," while here the seizure of defendant's backpack was "integral to the seizure of [his] person *** to effectuate defendant's transport to a detox facility."

We agree with defendant. Article I, section 9, of the Oregon Constitution establishes a right of the people to be secure against unreasonable searches or seizures of their property. *State v. Fulmer*, 366 Or 224, 229, 460 P3d 486 (2020). A search or seizure conducted without a warrant is *per se* unreasonable unless it falls within one of the established exceptions to the warrant requirement. *State v. McCarthy*, 369 Or 129, 141, 501 P3d 478 (2021). It is the state's burden to establish the applicability of any such established exception. *State v. Walker*, 350 Or 540, 553, 258 P3d 1228 (2011). A "seizure" for purposes of Article I, section 9, occurs when there is a "significant interference, even a temporary one, with a person's possessory or ownership interests in the property." *State v. Barnthouse*, 360 Or 403, 413, 380 P3d 952 (2016) (quoting *State v. Juarez-Godinez*, 326 Or 1, 6, 942 P2d 772 (1997)).

Our decision in *Edwards* illustrates those basic principles as applied to facts very close to those in this case. In *Edwards*, the defendant had an outstanding arrest warrant for failure to appear. A police officer spotted her riding a bicycle, wearing a backpack. The officer stopped her and arrested her on the warrant. The backpack was removed from defendant, and she was placed in handcuffs. Once removed, the backpack's contents were examined pursuant to a local inventory policy that required the inventory of belongings of a person being taken into custody. The search uncovered evidence of methamphetamine. The defendant moved to suppress the evidence obtained from the search

of her backpack on the ground that it had been unlawfully seized without a warrant. The state argued that the seizure was lawful because arresting officers have authority to seize the property of an arrestee. The trial court agreed. 304 Or App at 295.

We reversed. We concluded that, because the seizure of the backpack occurred without a warrant, the state had the burden of showing that the seizure was justified by a well-established exception to the warrant requirement. *Id*. at 297. We noted that the only argument that the state had advanced in that case was that the "defendant's lawful arrest by its own force both resulted in and authorized the seizure of all of the property on defendant's person." *Id*. The problem with that argument, we noted, is that it is wrong; a person's lawful arrest does not allow for the seizure of all the arrestee's personal property. *Id*. It may authorize a seizure of "narrow categories" of personal effects, such as effects related to the probable cause for arrest or readily apparent contraband. *Id*. But the defendant's backpack did not fall within such narrow categories. *Id*.

With the foregoing principles in mind, we conclude that both of the state's arguments fail. First, as to whether the officers actually seized defendant's backpack, the case law "clearly indicate[s] that a 'seizure' of property occurs when police physically *remove* property from a person's possession." *Juarez-Godinez*, 326 Or at 6 (emphasis in original). It is undisputed that police in this case physically removed defendant's backpack from his possession. The fact that the removal could be characterized as "temporary" does not alter the fact that a seizure occurred. *Barnthouse*, 360 Or at 413 (seizure occurs upon a "significant interference, even a temporary one, with a person's possessory or ownership interests in the property").

Second, as for the state's contention that *Edwards* is distinguishable on its facts, we are not persuaded. In *Edwards*, we concluded that the state had failed to justify its seizure of the defendant's backpack upon her arrest. Its only argument was the erroneous contention that the seizure of the defendant's backpack was justified by its lawful seizure of the defendant's person for the purpose of transporting her

to jail. 304 Or App at 297. In this case too, the state's only argument is that its seizure of defendant's backpack was justified by its lawful seizure of his person for the purpose of transporting him to detox. As we observed in *Edwards*, with the exception of certain narrow categories of property, the lawful seizure of a person does not justify the warrantless seizure of the person's property. *Id*. And, as in *Edwards*, the state in this case has not established that defendant's backpack falls within any of the narrow categories of effects that lawfully may be seized upon the seizure of the person.

We do not suggest that, on the record before us, no applicable exception to the warrant requirement exists. We hold only that the state has not identified one. Because it was the state's burden to do so, the trial court erred when it denied defendant's motion to suppress.

*Reversed and remanded.*