Argued and submitted September 9, affirmed October 21, 2020

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ANDREW MICHAEL CURTIS,
*Defendant-Appellant.*

## Washington County Circuit Court
18CR64121, 18CR48320, 18CR01886;
A170055 (Control), A170053, A171627

475 P3d 942

Defendant was found sleeping without permission in a car that did not belong to him. He was arrested for second-degree criminal trespass, ORS 164.245. The arresting officers searched defendant and discovered a box resembling a sunglasses case, which contained methamphetamine. At defendant's trial for possession of methamphetamine, he moved to suppress the evidence of the methamphetamine, arguing that the warrantless search of the box did not fall within recognized exceptions to the warrant requirement and, therefore, violated Article I, section 9, of the Oregon Constitution. The trial court denied the motion. Defendant appeals, assigning error to that denial and renewing his arguments below. *Held*: The trial court did not err in denying defendant's motion to suppress. The search fell under the search-incident-to-arrest exception because the box found in defendant's possession could reasonably have contained tools used to break into cars.

Affirmed.

Janelle F. Wipper, Judge.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

In this consolidated criminal appeal, defendant appeals a judgment of conviction for possession of methamphetamine, assigning error to the denial of his motion to suppress.[1] We affirm.

Defendant sought to suppress the methamphetamine he was charged with possessing. It was found during a search of a box found on his person. The box, which resembled a sunglasses case in size and shape, was discovered when defendant was arrested for sleeping in the driver's seat of a pickup truck that did not belong to him, and in which he had no permission to be. The owner of the truck told police that he did not think he had locked it. Officers arrested defendant for unlawful entry into a motor vehicle, ORS 164.272, and second-degree criminal trespass, ORS 164.245. Believing that the box could have been stolen or could contain tools for breaking into or stealing cars, they removed the box from defendant's jacket pocket and then searched it, finding methamphetamine.

Defendant moved to suppress the evidence of the methamphetamine, arguing that the warrantless search of the box did not fall within recognized exceptions to the warrant requirement and, therefore, violated Article I, section 9, of the Oregon Constitution. The trial court denied the motion, concluding that the search was justified under the search-incident-to-arrest and inventory exceptions to the warrant requirement. Defendant waived his right to a jury trial, and the court found him guilty as charged. He appealed.

On appeal, defendant assigns error to the denial of his motion to suppress, contending that the trial court was wrong to conclude that the search was justified under either of the identified exceptions to the warrant requirement. The state responds that the court was correct in both respects, adding that, in its view, the search was also justified by officer-safety considerations in the context of defendant's arrest.

---

[1] Defendant also appeals two other judgments but raises no challenges with respect to them, so we affirm.

Accepting the trial court's supported implicit and explicit factual findings and reviewing for legal error, *State v. Washington*, 265 Or App 532, 536, 335 P3d 877 (2014), we conclude that the warrantless search was justified under the search-incident-to-arrest exception of the Article I, section 9, warrant requirement; therefore, we do not address whether it was also justified under the inventory exception or the state's alternative officer-safety theory. Pertinent to this case, the search-incident-to-arrest exception allows for the search of an arrestee's person and items "immediately associated" with the arrestee's person for evidence of the particular crime of arrest, if it is reasonable to believe that such evidence could be contained in the places or items searched. *State v. Brownlee*, 302 Or App 594, 603-04, 461 P3d 1015 (2020); *State v. Mazzola*, 356 Or 804, 811-12, 345 P3d 424 (2015); *State v. Ramirez*, 305 Or App 195, 214-16, 468 P3d 1006 (2020).

Here, the parties dispute whether officers had probable cause to arrest defendant for the crime of unlawful entry into a vehicle, specifically whether there was probable cause to believe that defendant's unlawful entry in the car was accompanied by the intent to commit a crime therein. *See* ORS 164.272 (setting forth elements of crime of unlawful entry into a motor vehicle). They agree, however, and so do we, that the record supports the conclusion there was probable cause to arrest defendant for second-degree criminal trespass. That is, there was probable cause that defendant "intentionally, knowingly, recklessly or with criminal negligence," ORS 161.115(2), "enter[ed] or remain[ed] unlawfully" in the pickup truck, ORS 164.245(1). *See State v. Lucero*, 265 Or App 328, 331 n 2, 335 P3d 1275, *rev den*, 356 Or 575 (2014) (explaining mental state element for criminal trespass).

Accordingly, under the search-incident-to-arrest exception, officers were permitted to search the box removed from defendant if it was reasonable for them to believe that evidence of the instrumentalities of that offense could be contained in the box. Although defendant asserts that it would not be reasonable to think that evidence of second-degree criminal trespass could be found in a container on an arrestee's person like the box at issue here, we disagree. Breaking into a car often requires some sort of tools,

including a type of modified key that the officer described in this case. On these facts, as the trial court concluded, it was reasonable to believe that the box, given its size and shape, could contain such tools. That the owner of the truck told police that he thought he may not have locked the truck did not make it unreasonable for police to search for such tools in a container found on defendant's person that reasonably could have contained them. Whether or not it turned out that defendant had actually needed to use the tools to enter the truck, the tools would be evidence of the crime of arrest. At a minimum, defendant's possession of such tools would be probative of whether defendant unlawfully entered the truck with the requisite mental state for the crime of second-degree criminal trespass. For that reason, the trial court properly denied defendant's motion to suppress.

Affirmed.