No. 811 September 10, 2025 413

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL JAMES LEWIS,
aka Daniel Lewis, aka Daniel J. Lewis,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR03227; A181740

Kathie F. Steele, Judge.

Submitted November 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

HELLMAN, J.

Reversed and remanded.

_____
* O'Connor, J. *vice* Mooney, S. J.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for identity theft, ORS 165.800, and second-degree theft, ORS 164.045. Law enforcement arrested defendant for stealing merchandise from a department store. After the arrest, a deputy searched defendant's wallet and found a bank card that did not belong to him. On appeal, defendant assigns error to the trial court's denial of his motion to suppress evidence related to the bank card, contending that no warrant exception justified the search of his wallet. Alternatively, he argues that even if the search-incident-to-arrest exception justified searching his wallet for evidence of theft, searching and removing the bank card required an independent constitutional justification. Under the circumstances of this case, we conclude that a search incident to arrest justified searching defendant's wallet for evidence of theft. However, we agree that the state failed to meet its burden to show that any warrant exception justified removing the bank card from defendant's wallet. Accordingly, we reverse and remand.

We accept the trial court's supported implicit and explicit factual findings and review for legal error. *State v. Curtis*, 307 Or App 297, 299, 475 P3d 942 (2020).

An asset protection detective for Macy's watched defendant on video surveillance as defendant placed store merchandise into several Macy's bags. The detective stopped defendant as he tried to leave the store without paying; he detained defendant until Clackamas County Sheriff's Deputy Davis arrived. Defendant confessed to Davis that he committed the theft.

Davis searched defendant's wallet "incident to arrest," looking for evidence "that would contribute to" the crime of theft. Based on Davis's training and experience, he was searching for "receipts for submitting a fraudulent return later on; *** small items that you could conceal on your person or in a wallet that would help you in completing the theft and also *** a list of items to steal to then sell later on." Davis found a bank card in defendant's wallet that had another person's name on it. After investigating, Davis learned that the card was stolen. The state charged

defendant with identity theft for possessing the card and theft in the second degree for stealing the merchandise from Macy's.

Before trial, defendant moved to suppress evidence related to the bank card. He argued that no warrant exception justified Davis's warrantless search of defendant's wallet. Specifically, he argued that his wallet could not have reasonably concealed any evidence related to the theft, and that pulling the bank card from his wallet went beyond the scope of the search incident to arrest. After a hearing, the trial court denied the motion, concluding that the search was reasonable. Defendant entered conditional guilty pleas for both charges, reserving his right to challenge the court's ruling on appeal.

Under Article I, section 9, of the Oregon Constitution,[1] a warrantless search is presumptively unreasonable, unless the search falls within an exception to the warrant requirement. *State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988). It is the state's burden to prove by a preponderance of the evidence that an exception to the warrant requirement applies. *State v. Edwards*, 304 Or App 293, 296, 466 P3d 1034 (2020).

The exception applicable in this case is a search incident to arrest. A search incident to arrest can be made if it is grounded in any of three purposes: "(1) to protect a police officer's safety; (2) to prevent the destruction of evidence; or (3) to discover evidence of the crime of arrest." *State v. Mazzola*, 356 Or 804, 811, 345 P3d 424 (2015). Only the third purpose—discovery of evidence of the crime of arrest—is at issue in this case.

A search for that purpose "does not justify an exploratory seizure of everything in the defendant's immediate possession and control based on the prospect that further investigation might reveal that some of the items were stolen or are contraband." *State v. Scott*, 317 Or App 777, 782, 505 P3d 1007 (2022) (citing *State v. Owens*, 302 Or 196, 204-05, 729 P2d 524 (1986)). Rather, the search must be reasonable

---

[1] Article I, section 9, provides, in part: "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure * * *."

in time, scope, and intensity. *State v. Ramirez*, 305 Or App 195, 215, 468 P3d 1006 (2020). As to scope and intensity, the search must be limited to "areas where the instrumentalities or fruits of the crime could *reasonably* be concealed, not just could *possibly* be concealed." *Id.* (internal quotation marks and citations omitted; emphasis in original). Finally, closed containers may be opened and searched when "found on or immediately associated with the arrestee, but only when it is reasonable to believe that evidence of a crime for which the person was arrested could be concealed there." *Owens*, 302 Or at 202.

Defendant contends that the search-incident-to-arrest exception did not justify Davis's search of his wallet. He argues that, based on the information that Davis had at the time, Davis had "no special reason to suspect" that defendant's wallet concealed any evidence of theft.

Considering Davis's testimony, and the trial court's factual determination that such testimony was credible, we conclude that the search-incident-to-arrest exception justified the officer's warrantless search of defendant's wallet for receipts, theft devices, or lists of items to steal. Defendant admitted to Davis that he had stolen the items because he needed money, and that he hoped to sell them or trade them for food stamps. Davis testified that, in his experience, "when someone tells [him] that they are going to steal merchandise to hopefully sell for money," he would "expect to find *** lists of items to steal or receipts" that could be used for a fraudulent return. According to Davis, individuals sometimes conceal such items in their wallets. In denying defendant's motion to suppress, the court found Davis's testimony "credible in its entirety" and concluded that the search "was reasonable, given the articulable reasons that [Davis] cited." Thus, on the record before us, we conclude that the specific "instrumentalities" or "fruits" identified by Davis, which related to the crime of theft, could "reasonably" have been concealed in defendant's wallet. *See Ramirez*, 305 Or App at 215, 218-19 (explaining that we are bound by the trial court's factual determinations that are supported by the record).

Alternatively, defendant contends that, even if the search of defendant's wallet was justified, no warrant

exception justified Davis removing the bank card from defendant's wallet and reading it. Specifically, defendant argues that the bank card was unrelated to the lists or receipts that Davis was searching for, and that Davis conducted an additional search—without justification—when he removed the bank card from the wallet.

The state argues that defendant failed to preserve that argument. The state acknowledges that defendant raised the issue below but argues that he failed to seek a ruling on the separate act of removing the bank card from his wallet. Even if the issue was preserved, the state argues that Davis was justified in removing the bank card because it was relevant to defendant's motive to commit theft.

At the suppression hearing, defendant made the following argument:

> "In the absence of knowing for certain that that card had someone else's name on it, pulling it out *** to look at it is beyond the scope of search incident to arrest.

> "So, beyond not having a reasonable basis, based upon all the facts the [deputy] knew, he didn't have in this particular instance the authority to pull the card out and inspect it because, based upon his testimony and his report, that card would not be relevant to whether or not [defendant] committed a crime.

> "[The deputy] would need a search warrant to actually search that card to see if it was related to the crime, if he could articulate a basis for it. So I think for those two reasons this particular search incident to arrest exceeded *** [the deputy's] authority."

The state responded to that argument by contending that it was reasonable to search the bank card because "having money or a means of payment also goes to *** motive for an individual who goes and commits a theft." Following both parties' arguments, the court concluded that the search was "reasonable and that the motion to suppress needs to be denied." The court then asked if either party requested "any additional findings or rulings." Both parties declined.

Considering those arguments, and the record as a whole, we conclude that defendant preserved the argument

he makes on appeal. In front of the trial court, both parties addressed the precise argument that defendant now raises on appeal. The court had already denied his motion to suppress, and although defendant had an opportunity to request that the court make a specific ruling as to his alternative argument, doing so was not necessary for purposes of preservation. *See State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (in considering questions of preservation, the appropriate focus is "whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it").

Turning to the merits of defendant's alternative argument, we conclude that the state failed to meet its burden to show that any warrant exception justified the removal of the bank card from defendant's wallet. Davis testified that the bank card was "in the wallet," but he could not remember how it was stored or whether he recognized that the card did not belong to defendant before he took it out of the wallet. A bank card does not resemble any of the "instrumentalities" or "fruits" that Davis was searching for, nor was it reasonably related to the crime that Davis was investigating. Rather, removing and investigating the card was akin to an "exploratory seizure" of the items in defendant's possession, which is not justified by the warrant exception.

We are not persuaded by the state's argument that investigating the bank card was justified because the "presence or absence of money is related to a person's motive for the crime of theft." A bank card is not money. It simply provides access to money. *Cf. State v. Stutte*, 339 Or App 87, 95-98, 568 P3d 247 (2025) (holding that the evidence was insufficient to support a finding that the defendant believed a credit card itself had monetary value when he stole it). And although there may be circumstances when the "presence or absence of money" could be reasonably related to the crime of theft, the state failed to meet its burden to show such a connection here. Defendant did not attempt or pretend to pay for the items that he stole, and the state adduced no evidence suggesting that the card in defendant's wallet could reasonably conceal anything related to the crime for which

he was arrested. Accordingly, the state failed to prove that an exception to the warrant requirement applied, and the trial court erred by denying defendant's motion to suppress.

Reversed and remanded.